# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Ana Landaverde, )<br>)<br>    *Plaintiff,* )<br>)<br>vs. )<br>)<br>Jeremy S. Robinson and First )<br>Coast Logistics of Alabama, Inc. )<br>nka First Coast Logistics of )<br>Alabama, LLC )<br>)<br>    *Defendants.* ) | CIVIL ACTION NUMBER: 3:19-00516-JMC<br><br><br>**AMENDED COMPLAINT**<br>**PERSONAL INJURY**<br>**JURY TRIAL DEMANDED** |

Now comes the Plaintiff, who, complaining of the Defendants, would allege and show unto this Honorable Court as follows:

1. Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

2. Defendant Jeremy S. Robinson, upon information and belief, is a citizen and resident of the State of Mississippi and was at all relevant times a citizen and resident of Mississippi.

3. Upon information and belief, Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC is a company organized and existing under the laws of Florida and at all relevant times herein mentioned, doing business in South Carolina, and who was at all relevant times acting through its agent, servant and employee Defendant Jeremy S. Robinson who was at all times acting within the course and scope of his employment.

4. That at all times hereinafter mentioned Interstate 26 is a highway located in Lexington County, South Carolina.

5. That on or about August 22, 2016, Plaintiff was traveling East on Interstate 26 when Defendant Jeremy S. Robinson, who was operating a tractor-trailer vehicle belonging to Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC, and while acting on behalf of Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC as its agent, servant, or employee, rear-ended the vehicle Plaintiff was operating. As a result of Defendant Jeremy S. Robinson's actions, Plaintiff was thrown in and about her vehicle.

6. At all relevant times herein, Defendant Jeremy S. Robinson was acting as an agent, servant or employee of Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC and within the course and scope of his employment, and Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC is liable for the actions and inactions of Defendant Jeremy S. Robinson.

7. That as a result of the aforesaid, the Plaintiff suffered bodily injuries for which she received treatment and is continuing to receive treatment. Also, as a result of the aforesaid, Plaintiff has missed work and has incurred lost wages.

### FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE)

8. Plaintiff repeats and reiterates the above allegations not inconsistent herewith as if repeated verbatim.

9. That the wreck and resulting injuries to the plaintiff occurred as a direct and proximate result of the negligent, careless, reckless, willful, and wanton acts and delicts of Defendants to wit:

    (a) In failing to maintain a proper lookout;

    (b) In failing to maintain proper control of the vehicle;

    (c) In operating the vehicle in an unlawful and reckless manner;

    (d) In failing to exercise due care under the circumstances then and there prevailing to avoid injury and damage to others, especially the plaintiff herein;

    (e) In operating the vehicle on the highway without due regard for the rights of others, especially the Plaintiff herein;

    (f) In operating the vehicle with defective brakes or, if said brakes were not defective, in failing to apply the same in time to avoid a collision;

    (g) In failing to yield the right-of-way;

    (h)

    (i) In such other particulars as may be shown at trial.

10. All of the above are in violation of the common and statutory laws of the state of South Carolina and the rules and regulations promulgated by the South Carolina Department of Transportation.

11. As the direct and proximate cause of the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of Defendants, plaintiff was thrown in and about the interior of the vehicle, causing her to sustain injuries including pain and suffering, past, present and future; causing her to incur medical expenses, past, present and future; causing her shock, embarrassment, and mental distress, past, present and future; causing her to incur lost wages, past, present and future; causing her to suffer property damage to her vehicle, including but not limited to depreciation and loss of use, past, present and future; all to the plaintiff's actual and punitive damages in an amount to be determined by the triers of the facts for which Plaintiff is entitled to a judgment against Defendants.

## FOR A SECOND CAUSE OF ACTION

### (NEGLIGENT ENTRUSTMENT – AS TO DEFENDANT FIRST COAST LOGISTICS OF ALABAMA, INC. NKA FIRST COAST LOGISTICS OF ALABAMA, LLC)

12. Plaintiff repeats and reiterates the above allegations not inconsistent herewith as if repeated verbatim.

13. Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC is the owner of the vehicle operated by Defendant Jeremy S. Robinson, and Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC was in control of the subject vehicle and responsible for its use and entrusted said vehicle to Defendant Jeremy S. Robinson.

14. Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC was negligent, careless, reckless, willful and wanton in entrusting said vehicle to the Defendant Jeremy S. Robinson for his use.

15. As the direct and proximate cause of the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC, Plaintiff was injured or damaged, plaintiff was thrown in and about the interior of the vehicle, causing her to sustain injuries, including pain and suffering, past, present and future; causing her to incur medical expenses, past, present and future; causing her shock, embarrassment, and mental distress, past, present and future; all to the Plaintiff's actual and punitive damages in an amount to be determined by the triers of the facts for which Plaintiff is entitled to a judgment against Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC.

## FOR A THIRD CAUSE OF ACTION

### (NEGLIGENT HIRING, NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION – AS TO DEFENDANT FIRST COAST LOGISTICS OF ALABAMA, INC. NKA FIRST COAST LOGISTICS OF ALABAMA, LLC)

16. Plaintiff repeats and reiterates the above allegations not inconsistent herewith as if repeated verbatim.

17. At all times herein-referenced, Defendant Jeremy S. Robinson was under the hire, training, control and supervision of Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC.

18. At all relevant times herein-referenced, Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC knew of or had reason to know of its employees and the ability and means to hire, train, control and supervise the conduct and actions of them.

19. Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC negligently, grossly negligently, carelessly, recklessly, willfully and wantonly failed to properly hire, train, control and supervise the actions and conduct of Defendant Jeremy S. Robinson, in the following particulars, to wit:

   a. In failing to properly investigate the background of Defendant Jeremy S. Robinson before hiring;

   b. In failing to train and instruct Defendant Jeremy S. Robinson and its employees as to how to properly and safely operate a vehicle;

   c. In failing to remedy the improper conduct and actions of its employees;

   d. In such others as may be shown at trial.

20. As a direct and proximate result, Plaintiff suffered damage and harm and is informed and believes she is entitled to judgment against Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC for a sum of damages as to be determined by the triers of fact in this case for which Plaintiff is entitled to a judgment against Defendant First Coast Logistics of Alabama, Inc. nka First Coast Logistics of Alabama, LLC.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual and punitive damages in an amount to be determined by the triers of the facts, in an amount to exceed Seventy-Five and 00/100ths ($75,000.00) Dollars plus the costs and disbursements of this action, and for such other and further relief as the Court deems proper.

        WILSON LAW GROUP, LLC

        _/S/ J. Christopher Wilson_
        J. Christopher Wilson, Fed ID: 06422
        chris@wilsonlawgroupsc.com
        Post Office Box 1150
        Bamberg, South Carolina 29003
        (803) 245-7799

        -AND

        BURRIS & RIDGEWAY
        Wayne Ridgeway, Fed ID: 09233
        wayne@burrisslaw.com
        Burriss & Ridgeway
        820 Gracern Road
        Columbia, SC 29210
        803-779-5842

        Attorneys for Plaintiff

Bamberg, South Carolina

April _11_, 2019